UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MOMS FOR LIBERTY – BREVARD
COUNTY, FL, AMY KNEESSY,
ASHLEY HALL, KATIE DELANEY, and
JOSEPH CHOLEWA,

    Plaintiffs,

v.     Case No. 6:21-cv-1849-RBD-GJK

BREVARD PUBLIC SCHOOLS, MISTY
HAGGARD-BELFORD, MATT SUSIN,
CHERYL MCDOUGALL, KATYE
CAMPBELL, and JENNIFER JENKINS,

    Defendants.

## UNIFORM CASE MANAGEMENT REPORT

**1.   Date and Attendees**

The parties conducted the local planning conference on January 7, 2022. Ryan Morrison, Esq. and David Osborne, Esq. attended the conference for Plaintiffs, and Howard Marks, Esq. and Gennifer Bridges, Esq. attended the conference for Defendants.

**2.   Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1) | January 21, 2022 |

46955408 v2

| Action or Event | Date |
|---|---|
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a) | February 4, 2022 |
| Plaintiff's deadline for disclosing any expert report. *See* Fed. R. Civ. P. 26(a)(2) | April 29, 2022 |
| Defendant's deadline for disclosing any expert report. | May 31, 2022 |
| Deadline for disclosing any rebuttal expert report. | June 30, 2022 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021) | July 29, 2022 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c) | Not applicable |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date). | August 31, 2022 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br><br>Mediator's Name: Frederick J. Lauten<br><br>Mediator's Address: 1060 Maitland Center Commons, Suite 440, Maitland, FL 32751<br><br>Mediator's Phone Number: (407) 661-1123 | December 16, 2022 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | January 6, 2023 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | January 13, 2023 |
| Date of the final pretrial conference | January 23, 2023 |

| Action or Event | Date |
|---|---|
| Month and year of the trial term. | February 2023 |

The trial will last approximately **5 days** and be

  ___   jury        _X_    non-jury.

**3.**    **Description of the Action**

      Plaintiffs are an unincorporated association and individual members of that association who assert claims against Defendants under 42 U.S.C. § 1983. Defendants are Brevard Public Schools ("BPS") and school board members sued in their individual and official capacities. Plaintiffs allege that BPS' Public Participation Policy for public commentary at school board meetings violates their First Amendment rights to free speech and to petition, both facially and as applied, and is unconstitutionally vague and overbroad. Plaintiffs also allege discriminatory access to school board meetings. Defendants deny Plaintiffs' allegations and contend that the Public Participation Policy does not discriminate based on viewpoint and that public commenters are not denied access to school board meetings based on viewpoint. Defendants also argue that Plaintiffs lack standing to bring their claims and have failed to allege a basis for § 1983 liability against Defendants Susin, Campbell, McDougall, and Jenkins. In addition, Defendants argue that the individual Defendants are subject to qualified immunity and that BPS is not vicariously liable for the alleged actions of the individual Defendants.

**4.**    **Disclosure Statement**

_X_    The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

**5.**    **Related Action**

_X_    The parties acknowledge their continuing duty under local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of Related Action." No notice need be filed if there are no related actions as defined by the rule.

46955408 v2

## 6. Consent to a Magistrate Judge

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

\_\_\_   The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

_X_   The parties do not consent.

## 7. Preliminary Pretrial Conference

_X_   The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

\_\_\_   The parties do request a preliminary pretrial conference, and the parties want to discuss _____.

## 8. Discovery Practice

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

_X_   The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

  _X_ Yes
  ___ No; instead, the parties agree to these changes: _____.

B. Discovery may be needed on these subjects: Occurrences on which Plaintiffs spoke at school board meetings; occurrences on which Plaintiffs attempted to speak at school board meetings; Plaintiffs' plans or intentions for speaking at school board meetings; statements which Plaintiffs claim they were not able to make at school board meetings; development of the Public Participation Policy; Defendants' practices in implementing the Public Participation Policy; amendments or potential amendments to the Public Participation Policy; Defendants' interpretation of the Public Participation Policy; viewpoints expressed by both Plaintiffs and other public speakers at school board meetings; Defendants' admission practices for public speakers at school board meetings; alleged damages to Plaintiffs; identity of alleged members of Moms for Liberty – Brevard County, FL; purpose of the Public Participation Policy and its amendments; Defendants' bias against Plaintiffs and Plaintiffs' views; responsiveness of Defendants to communication from the public that does not occur at Board meetings; Defendants' views about the public comment portion of Board meetings; Defendants' actions indicating preference toward some members of the public; Defendants' coordination activities with law enforcement; Defendants' coordination activities with members of the public; Defendants' communication practices with each other.

By including these potential subjects for discovery, the parties do not waive, and hereby reserve, the right to raise objections to, and arguments in opposition of, discovery propounded by the opposing side pursuant to the Federal Rules of Civil Procedure and applicable law.

C. Discovery should be conducted in phases:

  _X_ No
  ___ Yes; [describe the issues] _____.

46955408 v2

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

   <u> X </u>  No
   <u>    </u>  Yes; [describe the issues] <u>                                      </u>.

E. <u> X </u>  The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

   <u> X </u>  No
   <u>    </u>  Yes; [describe the stipulation] <u>                                </u>.

10. **Request for Special Handling**

   <u> X </u>  The parties do not request special handling.
   <u>    </u>  The parties request special handling. Specifically, <u>         </u>
   <u>                                                                </u>

   <u>    </u>  [Party's name] unilaterally requests special handling. Specifically,
   <u>                                                                </u>

11. **Certification of familiarity with the Local Rules**

   <u> X </u>  The parties certify that they have read and are familiar with the Court's Local Rules.

**12. Signatures**

| | |
|---|---|
| */s/ Ryan Morrison* | */s/ Gennifer L. Bridges* |
| RYAN MORRISON (admitted pro hac vice) | HOWARD S. MARKS |
| | Florida Bar No.: 0750085 |
| MARTHA ASTOR (admitted pro hac vice) | Email: hmarks@burr.com |
| | Secondary Email: echaves@burr.com |
| INSTITUTE FOR FREE SPEECH | GENNIFER L. BRIDGES |
| 1150 Connecticut Ave., NW Suite 801 | Florida Bar No.: 0072333 |
| Washington, DC 20036 | Email: gbridges@burr.com |
| 202-301-3300 | |

46955408 v2

<table>
<tr><td>

rmorrison@ifs.org
astorm@ifs.org

DAVID OSBORNE, ESQ.
Florida Bar No. 70186
GOLDSTEIN LAW PARTNERS, LLC
4651 Salisbury Rd., Suite 400
Jacksonville, FL 32256
610-949-0444
dosborne@goldsteinlp.com

*Counsel for Plaintiffs*

</td><td>

Secondary Email:
nwmosley@burr.com
SHEENA A. THAKRAR
Florida Bar No. 871141
Email: sthakrar@burr.com
Secondary Email: echaves@burr.com
BURR & FORMAN LLP
200 S. Orange Avenue, Suite 800
Orlando, Florida 32801
Tel: (407) 540-6600
Fax: (407) 540-6601
*Counsel for Defendants*

</td></tr>
</table>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of January, 2022, a true and correct copy of the foregoing was filed via the CM/ECF system, which will provide electronic notice to the following counsel of record:

David Osborne
Goldstein Law Partners, LLC
4651 Salisbury Rd., Suite 400, Jacksonville, FL 32256
dosborne@goldsteinlp.com

Ryan Morrison
Martha Astor
Institute for Free Speech
1150 Connecticut Ave., NW, Suite 801, Washington, DC 20036
rmorrison@ifs.org
astorm@ifs.org

                                      */s/ Gennifer L. Bridges*
                                      Gennifer L. Bridges (FBN 0072333)

46955408 v2