UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MOMS FOR LIBERTY - BREVARD
COUNTY, FL; AMY KNEESSY;
ASHLEY HALL; KATIE DELANEY;
and JOSEPH CHOLEWA,

    Plaintiffs,

v.                                                        Case No. 6:21-cv-1849-RBD-GJK

BREVARD PUBLIC SCHOOLS;
MISTY HAGGARD-BELFORD;
MATT SUSIN; CHERYL
MCDOUGALL; KATYE
CAMPBELL; and JENNIFER
JENKINS,

    Defendants.
_____

## ORDER

Before the Court are:

1.     Defendants' Motion to Dismiss (Doc. 41 ("Motion to Dismiss"));

2.     Plaintiffs' Response to Defendants' Motion to Dismiss (Doc. 49);

3.     Plaintiffs' Motion for Stay (Doc. 50 ("Motion to Stay")); and

4.     Defendants' Response in Opposition to Motion for Stay (Doc. 57).

Defendants' Motion to Dismiss is due to be granted and Plaintiffs' Motion to Stay denied.

## BACKGROUND

In this First Amendment case, Plaintiff Moms for Liberty ("M4L"), a nonprofit that seeks "to organize, educate and empower parents to defend their parental rights," together with some of its members, allege that Defendants, Brevard County Public Schools ("BPS") and its school board members ("Board"), use a Public Participation Policy ("Policy") that unconstitutionally discriminates against Plaintiffs' views. (Doc. 1, ¶¶ 3–13, 15, 23, 59, 80.) The Policy provides that the Board's chair, Plaintiff Misty Haggard-Belford ("Chair"), may "[i]nterrupt, warn, or terminate a participant's statement when the statement is too lengthy, personally directed, abusive, obscene, or irrelevant" and may "request any individual to leave the meeting when that person does not observe reasonable decorum." (*Id.* ¶ 19.) Plaintiffs allege that this Policy is unconstitutional facially and as-applied, as well as overbroad and vague. (*Id. passim*.)

The Court denied Plaintiffs' previous motion for a preliminary injunction, holding that Plaintiffs were unlikely to succeed on the merits of their argument that the Policy is unconstitutional. (Doc. 46.) Plaintiffs appealed. (Doc. 47.) Defendants now move to dismiss the Complaint, and Plaintiffs move to stay pending their appeal. (Docs. 41, 50.) With briefing complete (Docs. 49, 57), both matters are ripe.

## STANDARDS AND ANALYSIS

I. **Motion to Dismiss**

Defendants contend the Complaint should be dismissed because: (1) it is a shotgun pleading; (2) Plaintiffs lack standing; (3) Plaintiffs' allegations of liability under the First Amendment via 42 U.S.C. § 1983 are flawed; and (4) it fails to state a claim. (Doc. 41.) The Court takes each in turn.

A. **Shotgun**

First, Defendants assert that the Complaint should be dismissed as a shotgun. An impermissible shotgun pleading: (1) "contain[s] multiple counts where each count adopts the allegations of all preceding counts"; (2) "[is] replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) does "not separat[e] into a different count each cause of action or claim for relief"; or (4) "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322–23 (11th Cir. 2015). Here, the Complaint improperly incorporates all the allegations from each previous count, abounds in extraneous allegations not connected to any cause of action, and fails to clearly delineate each individual Board member's conduct. (Doc. 1, ¶¶ 42, 61, 67, 73, 78, 82.) Given this jumble, Plaintiffs'

3

Complaint is due to be dismissed in its entirety as a shotgun with leave to amend. *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126–27 (11th Cir. 2014). But other issues warrant discussion, as well.

### B. Standing

Defendants also argue that Plaintiffs fail to establish associational standing and standing founded on the chilling effect.

First, Defendants assert that Plaintiffs fail to establish associational standing for M4L because individual members' participation in the suit is required, as not all M4L members are affected equally.[1] (Doc. 41, p. 7.) Associational standing may be established by showing that "neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *See Amnesty Int'l, USA v. Battle*, 559 F.3d 1170, 1178 (11th Cir. 2009) (cleaned up). Here, M4L does not allege that its own rights were violated; rather, it claims standing on behalf of its members. (*See* Doc. 49, pp. 5–6.) And given that Plaintiffs seek an injunction against the Policy as a whole, individual participation of those members is not required. *See Fla. State Conf. of NAACP v. Browning*, 522 F.3d 1153, 1160 (11th Cir. 2008). Even for Plaintiffs' as-applied claims, the question is not how each member

---

[1] The convoluted nature of the Complaint makes it difficult to ferret out the basis for standing, either on behalf of individual members or for M4L in an associational capacity. But it is clear that an organization may not sue on behalf of non-members, so any allegations concerning them are inapposite. *See United States v. City of Mia.*, 115 F.3d 870, 872 (11th Cir. 1997).

is harmed individually, but rather the content and application of the Policy. *Cf. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Brock*, 477 U.S. 274, 287–88 (1986). So individual participation is not required, and M4L has sufficiently established associational standing to sue on behalf of its members. *See Amnesty Int'l*, 559 F.3d at 1178.

Next, Defendants contend Plaintiffs cannot base standing on the alleged injury of the chilling effect of the Policy. (Doc. 41, pp. 7–9.) While the injury requirement is more loosely applied than usual when First Amendment rights are involved because of the fear that free speech will be chilled even before a policy is enforced, such a policy must nevertheless objectively chill protected expression to provide an injury susceptible of standing. *See Speech First, Inc. v. Cartwright*, No. 21-12583, 2022 WL 1301853, at *7 (11th Cir. May 2, 2022); *see also Pittman v. Cole*, 267 F.3d 1269, 1284 (11th Cir. 2001). Here, Plaintiffs allege that the Chair's custom of reading a criminal statute penalizing disruptions before Board meetings chills speech, *but* they also recite many examples of members actually speaking at meetings—undermining the assertion of an objective chilling effect. (*Compare* Doc. 1, ¶¶ 42, 49, *with id.* ¶¶ 24, 39–40, 43–47.) While "thinly veiled threats of public officers to institute criminal proceedings" against perceived violators can sufficiently inhibit expression to establish standing, *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 68 (1963), the Complaint's current iteration does not provide sufficient

5

plausible facts to show an objective chill. *See, e.g.*, *Charnley v. Town of S. Palm Beach*, No. 13-81203, 2015 WL 12999749, at *8 (S.D. Fla. Mar. 23, 2015), *adopted*, 2015 WL 12999750 (S.D. Fla. Apr. 9, 2015), *aff'd*, 649 F. App'x 874 (11th Cir. 2016). So the claims are due to be dismissed with leave to amend to the extent they rely on the alleged chilling effect for standing.

### C. Section 1983

The claims are all brought under the First Amendment via § 1983 as a basis for liability. (Doc. 1, *passim*.) Under § 1983, Defendants contend that the official capacity claims against the individual Defendants are redundant, the individual Defendants are entitled to qualified immunity for the individual capacity claims, and the Complaint fails to sufficiently allege municipal liability against BPS. (Doc. 41, pp. 9–15.) The Court takes each argument in turn.

First, as both parties recognize, § 1983 claims against the individual Defendants in their official capacities are redundant with the ones against BPS. (Doc. 41, pp. 9–10; Doc. 49, p. 9); *see Gregory v. City of Tarpon Springs*, No. 8:16-cv-237, 2016 WL 7157554, at *6 (M.D. Fla. Dec. 8, 2016). So the official capacity claims against the individual Defendants are due to be dismissed with prejudice.

Next, qualified immunity shields public officials in their individual capacity acting within their discretionary authority unless the plaintiff can show: (1) the official violated a constitutional right; and (2) the right was clearly established. *See*

*Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004). Given that individual Board members Susin, McDougall, Campbell, and Jenkins were not the officials enforcing the Policy—the Chair was—the Complaint on its face demonstrates that they did not violate any constitutional rights, so they are entitled to qualified immunity. (Doc. 1, *passim*); *see St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). As to the Chair, Plaintiffs have adequately stated an as-applied challenge concerning her alleged violative enforcement of the Policy based on the four corners of the Complaint (as the Court explains below), so she is not entitled to qualified immunity at this time. *See, e.g., McDonough v. Mata*, 489 F. Supp. 3d 1347, 1363–66 (S.D. Fla. 2020); *Dayton v. City of Marco Island*, No. 2:20-cv-307, 2020 WL 2735169, at *4 (M.D. Fla. May 26, 2020).

Finally, a plaintiff may allege municipal liability under § 1983 by pleading "deliberate action" attributable to the public entity. *McDowell v. Brown*, 392 F.3d 1283, 1291 (11th Cir. 2004) (cleaned up). Here, Plaintiffs allege several instances of the Chair arguably discriminating based on viewpoint, forming an alleged pattern of deliberate conduct attributable to BPS. (Doc. 1, ¶¶ 24, 39–40, 43–47.) While the facts may or may not bear this allegation out, this is enough at this early stage to plead a sufficient deliberate action. *See, e.g., N.R. ex rel. Ragan v. Sch. Bd. of Okaloosa Cnty.*, 418 F. Supp. 3d 957, 981 (N.D. Fla. 2019). So Plaintiffs' municipal liability claims against BPS are adequately pled.

### D.      First Amendment Failure to State a Claim

Finally, Defendants argue that all of the claims must be dismissed with prejudice for failure to state a claim. (Doc. 41, pp. 16–25.) The Court agrees as to the facial claims but not the as-applied ones.

As to the facial claims under the First Amendment, restrictions aimed at maintaining decorum—such as the Policy at issue here—are content- and viewpoint-neutral. (Doc. 1, ¶ 19); *see Jones v. Heyman*, 888 F.2d 1328, 1332 (11th Cir. 1989); *Dyer v. Atlanta Indep. Sch. Sys.*, 852 F. App'x 397, 398, 402 (11th Cir. 2021), *cert. denied*, No. 21-213, 2021 WL 5284619 (U.S. Nov. 15, 2021). Under this foundational case law, as the Court previously explained, the Policy is nondiscriminatory on its face.[2] (Doc. 46, pp. 5–6.) So these allegations simply cannot state a claim, and Plaintiffs' facial claims (Counts I and III)[3] are due to be dismissed with prejudice.

Not so as to Plaintiffs' as-applied claims (Counts II and IV). A viewpoint-neutral restriction requires evenhanded application without regard to the specific message being advocated. *See Cleveland v. City of Cocoa Beach*, 221 F. App'x 875, 878–79 (11th Cir. 2007). While Defendants argue based on the Board meeting

---

[2] Given that these issues are on appeal and Plaintiffs raise no new substantive claims, the Court does not repeat its analysis from the preliminary injunction Order in full.

[3] The same is true for Plaintiffs' overbreadth and vagueness claim (Count V). (Doc. 46, pp. 9–10); *see Doe v. Valencia Coll.*, 903 F.3d 1220, 1232–33 (11th Cir. 2018); *Horton v. City of St. Augustine*, 272 F.3d 1318, 1330–31 (11th Cir. 2001).

videos that all interruptions of the Plaintiffs were based on violations of the Policy, not their viewpoint, the Court cannot weigh evidence and make a factual call on a motion to dismiss.[4] *See Lake v. Aetna Life Ins. Co.*, No. 8:20-cv-3010, 2021 WL 2649234, at *3 (M.D. Fla. June 28, 2021). So the as-applied claims survive.

## II.    Motion to Stay

Next, Plaintiffs seek a stay pending appeal of the Order denying their motion for a preliminary injunction (Doc. 46), asserting primarily judicial and litigation efficiency.[5] (Doc. 50, p. 3.) This argument is unpersuasive.

To grant a stay, the Court must find: (1) Plaintiffs are likely to prevail on the merits of their appeal; (2) absent a stay, Plaintiffs will suffer irreparable harm; (3) Defendants will not suffer substantial harm from the imposition of a stay; and (4) the public interest is served by a stay. *See Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986). When deciding whether to grant a stay pending appeal of a preliminary injunction, courts typically weigh the same factors as with the injunction, including likelihood of success on the merits and prejudice. *See Allied Veterans of the World, Inc. v. Seminole Cnty.*, No. 6:11-cv-155, 2011 WL 3958437, at *1 (M.D. Fla. Sept. 8, 2011).

---

[4] This analysis holds true for Plaintiffs' discriminatory access claim (Count VI), as Defendants' argument that the denial of access was for safety reasons presents a factual issue.

[5] Plaintiffs also contend the Court lacks jurisdiction given the pending appeal. (Doc. 50, p. 5.) But a notice of appeal does not divest a district court of jurisdiction when it deals with "collateral matters not affecting the questions presented on appeal." *See Weaver v. Fla. Power & Light Co.*, 172 F.3d 771, 773 (11th Cir. 1999).

9

Here, there is no benefit to judicial economy in granting a stay, nor any resulting prejudice in moving forward; to the contrary, granting a stay would prejudice the individual Defendants entitled to qualified immunity by not having their status adjudicated now. In fact, having identified deficiencies in the Complaint that amendment may rectify, judicial economy and efficiency are advanced by allowing the litigation to proceed during appeal to settle the pleadings. *See United States v. Lynd*, 321 F.2d 26, 28 (5th Cir. 1963) (noting that an appeal from the denial of a preliminary injunction should not delay the case proceeding on its merits).[6] And as the Plaintiffs have not shown they are likely to prevail on appeal, there is no suggestion of irreparable injury to them—but there is a substantial injury to the individual Defendants in leaving their qualified immunity and official capacity claims unresolved, and there is no countervailing public interest. So the Motion to Stay is due to be denied.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Defendants' Motion to Dismiss (Doc. 41) is **GRANTED**.

    a. Counts I, III, and V are **DISMISSED WITH PREJUDICE**.

    b. As to Counts II, IV, and VI, the claims against all individual

---

[6] Decisions of the former U.S. Court of Appeals for the Fifth Circuit rendered before October 1, 1981, are binding on courts within the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

        Defendants in their official capacities are **DISMISSED WITH PREJUDICE** as redundant. The claims against Defendants Susin, McDougall, Campbell, and Jenkins in their individual capacities are **DISMISSED WITH PREJUDICE** based on qualified immunity. The Clerk is **DIRECTED** to terminate Defendants Susin, McDougall, Campbell, and Jenkins as parties to this suit.

   c.    In all other respects, Counts II, IV, and VI are **DISMISSED WITHOUT PREJUDICE**. These claims may be repled against BPS and Chair Haggard-Belford in her individual capacity.

   d.    By **Tuesday, July 26, 2022**, Plaintiffs may file an amended complaint addressing the deficiencies identified in this Order.

2.    Plaintiffs' Motion to Stay (Doc. 50) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 12, 2022.

ROY B. DALTON JR.
United States District Judge