**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MOMS FOR LIBERTY - BREVARD
COUNTY, FL, AMY KNEESSY, ASHLEY
HALL, KATIE DELANEY and JOSEPH
CHOLEWA,
        Plaintiffs,

v.                                  Case No:   6:21-cv-1849-RBD-DAB

BREVARD PUBLIC SCHOOLS and
MISTY HAGGARD-BELFORD,
        Defendants

**ORDER**

This cause came on for consideration on the following motions filed herein:

> **MOTION:**   **MOTION FOR PROTECTIVE ORDER (Doc. 73)**
>
> **FILED:**      July 21, 2022
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** with the proviso described below.

> **MOTION:**   **MOTIONS TO QUASH (Doc. 69, 70, 71, 72)**
>
> **FILED:**      July 20, 2022
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** with the proviso described below.

In this First Amendment case, Plaintiffs, Moms for Liberty and some of its members, are a nonprofit group who describe themselves as seeking "to organize, educate and empower parents to defend their parental rights." Doc. 46 (citing Doc.

1, ¶¶ 3–7.) Plaintiffs originally sued Defendants, Brevard County Public Schools and school board members, alleging they unconstitutionally discriminated against Plaintiffs' their views by impeding their participation at Board meetings. *Id.* (citing Doc. 1 ¶¶ 8–13, 23). On January 24, 2022, District Judge Dalton denied Plaintiffs Motion for Preliminary Injunction. Doc. 46. On July 12, 2022, Judge Dalton granted the Motion to Dismiss filed by the individual Defendants and dismissed with prejudice the claims against Defendants Susin, McDougall, Campbell, and Jenkins based on qualified immunity. Doc. 63.

On July 20, 2022, Susin, McDougall, Campbell, and Jenkins --as non-parties to the case—filed Motions to Quash subpoenas that Plaintiffs served on them on July 20, 2022 for July 25 and 29, 2022. Docs. 69-72. The same day, Defendant Brevard County Public Schools filed its Motion for Protective Order to the same effect. Doc. 73. They argue that Plaintiffs have failed to provide at least fourteen days' written notice of the depositions; thus, the subpoenas should be quashed.

Plaintiffs filed their collective Responses to the Motions to Quash and for Protective Order on July 22, 2022, conceding that they failed to provide the notice required by the Federal Rules of Civil Procedure. Docs. 74, 75. They seek to excuse that failure based on the lack of cooperation from opposing counsel and, perhaps, due to some uncertainty as to deadlines arising from Judge Dalton's Order granting Defendants' Motion to Dismiss and Denying Plaintiffs' Motion for Stay. Doc. 63.

- 2 -

- 3 -

It is evident that there have been some failures by counsel to cooperate as the Court expects in scheduling and completing discovery. Plaintiffs' remedy for the circumstances should not have been the unilateral setting of depositions in violation of the Rules. Rather, they could have sought a discovery conference or an amendment to the Case Management and Scheduling Order.

Nonetheless, given that all concerned were on notice that the depositions needed to be taken and were slated for late July, the Motions to Quash are **granted**, provided that the witnesses and Defendants work cooperatively for the depositions to be taken at times reasonably convenient to the witnesses **not later than Friday August 5, 2022**. **The August 1, 2022 discovery deadline is extended for this limited purpose only.** To the extent costs are sought for bringing the Motions, an award of costs is denied.

**DONE** and **ORDERED** in Orlando, Florida on July 22, 2022.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record