UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MOMS FOR LIBERTY - BREVARD COUNTY, FL, | |
| AMY KNEESSY, | Case No. 21-cv-1849-RBD-DAB |
| ASHLEY HALL, | |
| KATIE DELANEY, | |
| and | AMENDED COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND OTHER RELIEF |
| JOSEPH CHOLEWA, | |
| *Plaintiffs*, | |
| v. | |
| BREVARD PUBLIC SCHOOLS, | |
| and | |
| MISTY HAGGARD-BELFORD, Chair, Brevard County School Board, in her individual capacity, | |
| *Defendants*. | |

INTRODUCTION

Brevard County's public schools doubtlessly teach students that the

U.S. Constitution protects their freedom of speech and their right to

petition the government for redress of grievances. But Brevard's school board operates its meetings as if these rights do not exist.

Instead of censoring their political opponents, Defendants should respect Plaintiffs' First Amendment rights to speech and petition at school board meetings. And the Court should ensure they do by providing Plaintiffs' requested relief.

### JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action challenges Defendants' violation of Plaintiffs' civil rights pursuant to 42 U.S.C. § 1983.

2.    Venue lies in this Court per 28 U.S.C. §§ 1391(b)(1) ("a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located") and (b)(2) (the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

### THE PARTIES

3.  Plaintiff Moms for Liberty - Brevard County, FL ("M4L") is the Brevard County Chapter of Moms for Liberty, a 501(c)(4) organization whose mission is to organize, educate and empower parents to defend their parental rights at all levels of government.

4.  Plaintiff Amy Kneessy is a natural person and a citizen of Florida and the United States, residing in Brevard County, Florida. Kneessy is a member of M4L.

5.  Plaintiff Ashley Hall is a natural person and a citizen of Florida and the United States, residing in Brevard County, Florida. She is also the mother of a school-aged child that attends a school operated by Brevard Public Schools. Hall is Chair of M4L.

6.  Plaintiff Katie Delaney is a natural person and a citizen of Florida and the United States, residing in Brevard County, Florida. She is also the mother of school-aged children that attend a charter school in Brevard County. Delaney is a member of M4L.

7.  Plaintiff Joseph Cholewa is a natural person and citizen of Florida and the United States, residing in Brevard County, Florida. He is also the father of school-aged children that attend schools operated by Brevard Public Schools. Cholewa is a member of M4L.

8.  Defendant Brevard Public Schools ("BPS") is a school district that operates the public schools of Brevard County, Florida. BPS is managed by an elected five-member board.

9.  Defendant Misty Haggard-Belford is the Chair of the Brevard County School Board. She is sued in her individual capacity.

FACTS

*The Board's Public Participation Policy*

10.  Florida law states: "Members of the public shall be given a reasonable opportunity to be heard on a proposition before a board or commission." FLA. STAT. 286.0114(2).

11.  Brevard County School Board (the "Board") policy states: "Members of the public shall be given a reasonable opportunity to be heard on a proposition before the Board." Public Participation at Board Meetings, Brevard Sch. Bd. Policy Manual § 0000 Bylaws, Code po0169.1 (2022) (the "Public Participation Policy").

12.  "[A] proposition is an item before the Board for a vote, and includes, but is not necessarily limited to, all items on the agenda noted as unfinished business, consent, and nonconsent. A proposition may also include a vote on a motion to rescind or to amend action previously taken but does not generally include items on the special order agenda. A proposition does not include items wherever found on the agenda upon which the Board votes in its quasi-judicial capacity." Public Participation Policy.

13.  Individuals must register to participate in the public comment portion of a Board meeting and indicate "support, opposition, or neutrality on [the] proposition" he or she will discuss. Public Participation Policy. Speakers are recognized to speak by the Board Chair "in the order in which the requests were received." *Id.* Individuals

recognized by the Chair are allotted three minutes of speaking time, but the Chair has discretion to extend that time. *See id.*

14.  All speakers must direct their comments "to the presiding officer; no person may address or question Board members individually." Public Participation Policy.

15.  Under the Public Participation Policy, the Board Chair may:

1.  Interrupt, warn, or terminate a participant's statement when the statement is too lengthy, personally directed, abusive, obscene, or irrelevant;

2.  Request any individual to leave the meeting when that person does not observe reasonable decorum;

3.  Request the assistance of law enforcement officers in the removal of a disorderly person when that person's conduct interferes with the orderly progress of the meeting;

4.  Call for a recess or an adjournment to another time when the lack of public decorum so interferes with the orderly conduct of the meeting as to warrant such action.

*Moms for Liberty*

16.  Commitment to civility is central to M4L and its members. Plaintiffs do not engage in or condone any threatening words or behavior, or violence.

17.  Moreover, Plaintiffs believe that they can be most effective in gaining support for their policies, and making a positive impact on their community, by being "joyful warriors"—advocating for their views in a positive, respectful, and peaceful manner, rising above the scorn and intolerance of some who disagree with them.

18.  Prior to every BPS school board meeting, M4L reiterates to its members the group's commitment to civil discourse. For example, prior to the March 9, 2021 BPS board meeting, at which BPS's gender identity policies were discussed, Hall posted the following message to M4L's Facebook page:

> A few crucial reminders…
>
> There is an entire contingent of people who have already labeled anyone who has concerns about this policy as hateful. Please do not allow your behavior or speech to feed into that false narrative. We must show the concern and compassion that we have for all kids. Your example will either lead people to listen to or reject our messages so act accordingly.
>
> . . . [M]asks are required. Last month the staff was openly hostile toward me. No matter how they respond to you, be kind and courteous. We must be the bigger people and give them no reason to silence us.

Choose your words carefully. These meetings are public and if
you speak you will be filmed and people can clip and distort what
you say. Do NOT let this keep you from speaking out if you have
concerns but be aware and act accordingly.

If you can follow steps 1-3 wear navy blue to show solidarity with
our side. If you plan to act a fool and embarrass the rest of us
wear red, purple, or pink for all I care. If you are with any
organization remember you are a reflection on them not just
yourself.

*Defendants' unlawful censorship at school board meetings*

19.  At the February 23, 2021 board meeting, Defendant Haggard-
Belford allowed a student to directly address board member Jennifer
Jenkins in discussing student access to schools for theatrical production
rehearsals. Brevard Public Schools, Feb. 23, 2021 Board Meeting video,
https://bit.ly/3ayunrX, Item E at 19:03. But when Plaintiff Hall spoke,
Defendant Haggard-Belford treated her differently. When Hall said,
"Mr. Susin I wanted to thank you personally," Defendant Haggard-
Belford interrupted her, stating "I'm just going to ask you not to focus
on individual board members, and keep it focused on the chair of the
board as a whole." *Id.* at 23:00-23:40.

20.  At the March 9, 2021, meeting, Defendant Haggard-Belford
allowed several pro-LGBTQ activists who support the board to express
their views as well as gesture and speak directly to board and audience

members without interruption. Brevard Public Schools, March 9, 2021

Board Meeting video, https://bit.ly/3p1I8YO Item E, Part 1 of 2 at 18:47-

18:52; Part 2 of 2 at 2:59-3:07; 7:27-7:37; 8:32-8:44; 10:48-10:56; 27:15-

27:19.

21.  At the same March 9, 2021, board meeting, Defendant Haggard-

Belford silenced a speaker (not a M4L member) with views that

diverged from the activists:

| | |
|---|---|
| Public Speaker: | If you have students who do not know for sure if they are a boy or a girl please let me help you in knowing that God created us with one or the other chromosome which makes us male or female. For the liberal left who seem to rely so heavily on science… |
| Haggard-Belford: | So ma'am I'm going to interrupt you . . . but we're not going to do name calling okay from anyone who's speaking tonight. |
| Public Speaker: | I'm not insulting anyone. I'm stating a fact. |
| Haggard-Belford: | You're referring to liberal left. Let's just talk issues and move forward please. |

Brevard Public Schools, March 9, 2021 Board Meeting video,

https://bit.ly/3p1I8YO Item E part one of two at 0:09:42-0:10:45.

22.  At the same March 9, 2021 meeting, Defendant Haggard-Belford

censored another individual (not a M4L member) and rebuked him for

directing his comments to the audience when he spoke against the

board's transgender bathroom policy and turned to the pro-LGBTQ

activists in the audience at the beginning of his remarks to say, "I'm not against y'all at all. Be loved. Use your pronouns. That's all fine and well. I'm glad." *Id.* at Item E, Part 2 of 2 at 0:14:45-0:17:50.

23. At the March 23, 2021 meeting, Defendant Haggard-Belford censored a non-M4L member that goes by the name "Thomas Jefferson," when he referred to Jenkins:

| "Jefferson": | First I'd like to start by sharing my deep disappointment with our elected school board's officials and how they orchestrated the last school board meeting. Our local Brevard County residents consisting of Christian patriots came to speak at the meeting at four o'clock to secure a chance to speak and attend the meeting, well before the LGBTQ nations showed up. Many of them not even residents of Brevard County at which time school board official Jenny Jenkins came out… |
|---|---|
| Haggard-Belford: | Sir, I'm gonna stop your time so I'm not taking away your time. Okay? I'm just going to remind you of the expectation that comments be directed to the Board Chair as opposed to personally directed at any board members or audience. Okay? |

Brevard Public Schools, March 23, 2021 Meeting Public Comment, https://bit.ly/ 3oT6DY4 Item E, Part 2 of 2 at 0:13:36-0:14:18.

24. "Jefferson" continued:

| "Jefferson": | [Jenkins] came out and privately escorted the whole group of LGBTQ inside the building and then shut the doors and placed sheriffs at |
|---|---|

> the doors to keep us out. [The Covid restrictions that limited attendance at the meeting] was a simple ploy to silence our opposition to this evil LGBTQ agenda.

Haggard-Belford:    Make sure it is not personally directed. We're not name calling. We're not pointing out groups.

"Jefferson":    Is there a problem with the word evil?

Haggard-Belford:    Yes sir. You are calling a group of people evil and the policy evil. *Id.* at 0:14:18-0:16:42.

25.   When "Jefferson" finished, board member Jenkins interrupted the public comment period, "I am concerned that we are allowing comments that our students can hear— and are probably watching from home—that are calling them sinners. I just want to throw that out there." *Id.* at 16:50-17:09.

26.   At the April 13, 2021 meeting, Defendant Haggard-Belford censored a student who complained about not being allowed to sing indoors at school when the student began her comment, "Jennifer Jenkins personally showed up to my school." Haggard-Belford interrupted the student, interjecting, "So hold on just one second everything needs to be directed to me and not calling out any individual board members for me if you would. Thank you so much." Brevard Public Schools, April 13, 2021 Meeting Public Comment, https://bit.ly/3jBdUs0 Item E10 at 29:05-29:37. The student continued her criticism of Jenkins, but could only refer to her as "one board

member," "this specific board member," and "this board member," while referring to other board members as "a few school board members" rather than by name. *Id.* at 29:40-30:48.

27.  At the April 27, 2021 meeting, Defendant Haggard-Belford allowed a different speaker to address and mention individual board members, in a friendly manner, and did not stop or reprimand him. A sample of his remarks includes:

> Thank you madam chair, Coach Susin and everybody else . . . . I think I've emailed probably not Ms. Jenkins but everybody else . . . First of all Ms. McDougall think about the food people . . . .

Brevard Public Schools*, April 27, 2021 Meeting Public Comment, https://bit.ly/3pVknSP, Item E9 at 4:01-7:25.

28. The speaker acknowledged that he was breaking the rules, "Now I know I'm not supposed to address you. I'm sorry," *id.* at 4:36-4:38, but continued breaking them without interruption by Haggard-Belford. "I know the first thing that Mr. Susin does he always goes into the kitchen wherever he visits the schools." *Id.* at 4:41-4:47. He then addressed Superintendent Mullins and, while gesturing and pointing to board members, told a story which repeatedly mentioned Dr. Mullins as the Board chuckled. *Id.* at 4:49-7:25.

29.  At the May 11, 2021 meeting, Defendant Haggard-Belford censored "Jefferson" when he spoke to complain about the Board's viewpoint "discrimination, bias, and cancel culture and blatant

attempts to cancel our free speech." Jefferson explained that some LGBTQ activists told his child to "go to hell." Defendant Haggard-Belford interrupted him and said, "to keep it clean." He explained that when his son had responded in-kind, the boy was ejected from the meeting. Brevard Public Schools, May 11, 2021 Meeting Public Comment, https://bit.ly/3oXYO39 Item E Part 2 of 2 at 1:04:55-1:05:01.

30.  Defendant Haggard-Belford censored Plaintiff Cholewa when he attempted to make his remarks at the May 21, 2021, meeting and, when he gestured with an open hand toward the Board, Defendant Haggard-Belford told him that he could not make personally directed statements. Brevard Public Schools, May 21, 2021 Meeting Public Comment, https://bit.ly/3oVXVIF Item E6 at 22:18-22:31.

31.  Cholewa voiced his concern that board members are unresponsive and appear disconnected from the community, in part by criticizing the plexiglass barrier erected in front of the speaker's podium, but Defendant Haggard-Belford interrupted him and cut off for addressing board members with his concern:

> Cholewa: The problem with Covid is that majority for us it's the politics behind Covid has affected us more than the actual virus and as elected officials we hoped that you're gonna step up and weed out the politics and figure out what it is that we need for our children.  Because there is that big sign behind you that says "Every Student With Excellence." But the problem is that I don't see you serving it because the data says the masks

|                    |                                                                                                                                       |
|--------------------|---------------------------------------------------------------------------------------------------------------------------------------|
|                    | affect children negatively from a social, emotional, intellectual, physical, all these things that impact them negatively but nobody listened. How am I supposed to stand up for District Two while I watched you behind a plastic prison? |
| Susin:             | You gotta cut him off.  Don't call out one of our school board members.                                                                |
| Haggard-Belford:   | Yeah.                                                                                                                                  |
| Susin:             | You gotta cut him off.  Don't call out one of our school board members.                                                                |
| Haggard-Belford:   | Keep it directed to me please.                                                                                                         |
| Susin:             | Sir, we've got a motion on the floor and there's majority support for exactly what she's saying.                                       |
| Cholewa:           | I can't point out that she sat behind a piece of plastic?                                                                              |
| Susin:             | I'm just saying that the enthusiasm is well respected but at the same time…                                                            |
| Cholewa:           | This is my representative.                                                                                                             |
| Haggard-Belford:   | Sir, the rules that I read at the beginning…                                                                                           |
| Cholewa:           | Stop the clock if you're going to interrupt me.                                                                                        |
| Haggard-Belford:   | The rules that I read at the beginning indicate that comments should be directed to me and about the issue and not directed to individual board members. So that is very clear in the beginning. |
| Cholewa:           | So I can't talk about my representative from my district?                                                                              |
| Haggard-Belford:   | No you cannot.                                                                                                                         |

| Cholewa: | Okay. |
|---|---|
| Haggard-Belford: | Would you like me to resume the clock? |
| Cholewa: | Yeah and give me more time. You just wasted ten seconds. |
| Haggard-Belford: | That's because you opted not to follow the rules. |
| Cholewa: | I can't hear you because I'm talking and you have masks on your face. |
| Haggard-Belford: | Your clock's gone. |

However, Haggard-Belford indicated that if Cholewa was prepared to follow the Public Participation Policy she would let him complete his remarks. Cholewa agreed and finished his statement. *Id.* at 21:40-25:00.

32. At the July 13, 2021 meeting, Defendant Haggard-Belford allowed seven speakers make complimentary statements directly to board members and school administrators. None of these speakers were interrupted or admonished for their personally directed comments. Brevard Public Schools, July 13, 2021 meeting, https://bit.ly/3BGafQP, Item E at 4:44-7:55, 10:12-11:11, 21:10-21:30, 24:40-27:52, 28:04-28:44, 30:36-33:10, 33:35-34:02.

33. At the August 10, 2021 school board meeting, Defendant Haggard-Belford adopted the practice of opening every Board meeting by threatening all attendees with criminal sanctions for disruption.

Citing FLA. STAT. § 877.13, she explains that disrupting a school board meeting is a misdemeanor punishable with 60 days in jail and a $500 fine.

34. At the September 21, 2021 meeting, Plaintiff Cholewa sought to express his belief that the mandatory masking of school children infringed upon individual liberty, along the lines of other concepts allegedly endorsed by the Democratic Party that he finds offensive. But Defendant Haggard-Belford would not allow him to offer his viewpoints. When Cholewa alleged that the Democratic Party "says babies, white babies are born racist and oppressive," Haggard-Belford cut him off: "Joey, you're pushing the limit. Please be respectful. Okay?" Brevard Public Schools, September 21, 2021 Meeting, https://bit.ly/3aEvDd2, Item E at 1:06:19-1:06:29. Apparently, there is a "limit" to criticism that can be levied against a political party.

35. When Cholewa criticized parents who administer hormone blocking drugs to small children in the process of transitioning their gender, Haggard-Belford again interrupted, and began speaking over him: "Joey, enough. Enough. Enough. Please stop. You are insulting half of our audience . . . I'm asking you to be respectful of people who view things differently." Cholewa retorted with "Grow up," "I don't care what you think," and "I haven't said anything inappropriate" as Haggard-Belford spoke over him. *Id.* at 1:06:48-1:07:10. Apparently,

criticizing "people who view things differently" is "insulting" and cannot be allowed at board meetings.

36.    When Haggard-Belford's interruption of Cholewa led to criticism from the audience, she threatened to clear the room, and then again admonished Cholewa that he must "be respectful of people who view things differently." *Id.* at 1:07:10-1:07:24.

37.  With one minute and fifteen seconds left on his time, Cholewa was able to speak only for an additional 18 seconds before Haggard-Belford ejected him from the room, for making these comments, in an impassioned but conversational tone:

> You want to silence people. You don't want to hear the truth. And its going to come out. I will fight you.  I will be here every weekend and I'll be yelling at you and screaming at you and telling you things that you don't want to hear. Guess why? This is America. I know you don't like freedom. I know you don't like liberty.  I know you don't like the Constitution. Guess what? I'm going to keep talking.

Immediately after Cholewa stated that the board doesn't like the Constitution, Haggard-Belford ordered, "Alright, you're done. Leave please. Have a good night." *Id.* at 1:07:32-1:07:55.

38.  At the October 26, 2021 board meeting, Defendant Haggard-Belford censored a Moms for Liberty member that was expressing her concern that inappropriate books were present in elementary school libraries. When the speaker read from one of the elementary library books, Haggard-Belford stopped her because the language in the book

was not "clean." Brevard Public Schools, October 26, 2021 Meeting,
https://bit.ly/3PnN0Sc, Items E10 at 50:00-51:14.

39.  Also at the October 26, 2021 board meeting, Defendant Haggard-
Belford allowed a woman to speak directly to board member Jennifer
Jenkins multiple times, offer effusive praise to the board and Jenkins,
and complain about the board's critics without interruption, *Id*. at
53:34-56:42.

40.  At the March 8, 2022 board meeting, Defendant Haggard-Belford
censored a student when the student expressed her views that the
board was more concerned about the safety LGBTQ students than
heterosexual students like herself. When the student began to call for
the resignation of board members, by name, due to their lack of concern
for the safety of students like her, Haggard-Belford censored her for
saying the names of board members. Brevard Public Schools, March 8,
2022 Meeting, https://bit.ly/3PnN0Sc, Items M&N at 01:00-2:10.

41.  At the April 26, 2022 board meeting, Defendant Haggard-Belford
censored a woman who complained about many problems at the schools
in Brevard County, including the presence of an ex-teacher at one of the
schools that was convicted of indecent exposure. When the speaker was
discussing the ex-teacher and how he was "convicted of showing his
penis" to a student, Haggard-Belford censored her because her language
was not "appropriate." Haggard-Belford then had law enforcement
officers remove the speaker from the meeting when the woman

protested that Haggard-Belford was violating her First Amendment rights. Brevard Public Schools, April 26, 2022 Meeting, https://bit.ly/3aNKq96, Items M44&N45 at 13:18-14:25.

42.  At the May 10, 2022 board meeting, Defendant Haggard-Belford censored a M4L member who criticized the books available in the school libraries for not being age appropriate due to their sexual or violent content. Haggard-Belford prohibited the M4L member from reading one of these school library books because, as Haggard-Belford said, "if it is not appropriate for children hear it, then I need you not to say it at the [meeting]." Public Schools, May 10, 2022 Meeting, https://bit.ly/3PCCaYn, Item E9 at 5:30-7:20.

43.  And at the July 12, 2022 board meeting, Defendant Haggard-Belford allowed a public school teacher to speak without interruption when he complimentarily addressed school administrators by name. Brevard Public Schools, July 12, 2022 Meeting, https://bit.ly/3ogDEfi, Items M&N at 1:02-1:54

*The continuing impact of Defendants' censorship of Plaintiffs' speech.*

44.  Plaintiffs Hall, Cholewa, and Delaney continue to speak regularly at Board meetings and express their views as best they can, regardless of Defendants' disapproval, but Defendants' censorship impacts their speech. The threat of criminal sanctions from Defendant Haggard-Belford, Haggard-Belford's record of censoring speakers, and

the burdens imposed on them by the Public Participation Policy chill Plaintiffs' speech as they cause Plaintiffs to hold back or alter their words, suppress the viewpoints they want to express, and diminish their willingness to participate at Board meetings. Plaintiffs may at times test the limits of Defendants' speech restrictions, but the restrictions' presence chills their expression.

45. Defendants also use the Public Participation Policy to chill Plaintiff Kneessy's free speech rights. Specifically, Plaintiff Kneessy, herself a former member of the school board, has stopped speaking at Board meetings. She desires to discuss her viewpoints. But she does not feel free to do so given Defendants' open and obvious hostility to her views, and the manner in which they treat other audience members, including their threats of criminal prosecution.

COUNT ONE
RIGHT OF FREE SPEECH, U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983
AS-APPLIED CHALLENGE TO THE PUBLIC PARTICIPATION POLICY
(Against All Defendants)

46. Plaintiffs repeat and incorporate by reference ¶¶ 1-45.

47. First Amendment protections extend to public speech at school board meetings, by operation of the Fourteenth Amendment.

48. A school board meeting at which the public is allowed to speak is a designated public forum limited to discussing school operation and governance. *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S.

37, 45 & n.7 (1983); *Barrett v. Walker Cty. Sch. Dist.*, 872 F.3d 1209, 1224 (11th Cir. 2017). The public comment period at BPS school board meetings is a limited public forum for Brevard County residents and taxpayers to discuss matters of public concern related to the school district.

49.  "Although a limited public forum may rightly limit speech at the forum to only certain content, the First Amendment does not tolerate viewpoint-based discrimination against speech within the scope of the forum's subject matter. Viewpoint discrimination occurs when the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the restriction." *Barrett*, 872 F.3d at 1225 n.10 (internal quotation marks and citations omitted).

50.  It is axiomatic that criticism of school officials, school employees, school policies, rules, and regulations, school budgets, and school curricula are germane to the business of school boards—regardless of whether school board members want to hear such criticism or believe that it is fair. The First Amendment prohibits the exclusion of these viewpoints from public speech at Board meetings.

51.  All of Plaintiffs' public speech at Board meetings is fully protected by the Free Speech Clause of the First Amendment.

52.  At no point did Defendants terminate or censor Plaintiffs' speech on the basis of time, irrelevance to the forum or lack of decorum, or

because it was truly obscene. Rather, Defendants censored Plaintiffs'
speech because they disagreed with it.

53.  As-applied against Plaintiffs, the Public Participation Policy's
prohibitions on personally addressing or questioning school board
members and of speech deemed "personally directed," "obscene," or
"abusive," violated and continue to violate Plaintiffs' First Amendment
right of free speech by impermissibly discriminating against their
speech on the basis of its viewpoint.

54.  As-applied against Plaintiffs, the Public Participation Policy's
prohibitions on personally addressing or questioning school board
members and on "personally directed" comments also violate Plaintiffs'
First Amendment rights because these prohibitions are not reasonable
in light of the public comment period's purpose. Discussion of matters
germane to the schools' operations will necessarily require referencing
individuals—especially members of the school board. Forbidding these
comments impermissibly discriminates against Plaintiffs' speech on the
basis of viewpoint.

55.  By not enforcing the Public Participation Policy against speakers
that make statements favorable to Defendants and/or by enforcing the
Public Participation Policy against Plaintiffs and threatening them with
criminal prosecution, Defendant Brevard Public Schools, through its
officer(s), director(s), managing agent(s), or employee(s) including but
not limited to Defendant Haggard-Belford, under color of law, deprived

and continue to deprive Plaintiffs' right to free speech in violation of the First and Fourteenth Amendments to the United States Constitution. Accordingly, Plaintiffs are damaged in violation of 42 U.S.C. § 1983, and, therefore, are entitled to nominal damages, declaratory and preliminary and permanent injunctive relief against continued enforcement and maintenance of Defendants' unconstitutional customs, policies, and practices; and attorney fees and expenses pursuant to 42 U.S.C. § 1988.

COUNT TWO
RIGHT TO PETITION, U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983
AS-APPLIED CHALLENGE TO THE PUBLIC PARTICIPATION POLICY
(Against All Defendants)

56.  Plaintiffs repeat and incorporate by reference ¶¶ 1-45.

57.  "The right to petition the government for a redress of grievances is one of the most precious of the liberties safeguarded by the Bill of Rights, and is high in the hierarchy of First Amendment values. The right to petition the government for redress of grievances is such a fundamental right as to be implied by the very idea of a government, republican in form." *DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1288-89 (11th Cir. 2019) (internal punctuation marks and citations omitted).

58.  "A petition may consist of a 'personal grievance addressed to the government' and may be an oral grievance." *Floyd v. Cty. of Miami-*

*Dade*, No. 17-CV-21709, 2017 U.S. Dist. LEXIS 76631 at *9 (S.D. Fla. May 18, 2017) (quoting *Borough of Duryea v. Guarnieri*, 564 U.S. 379, 394 (2011) and citing *Mack v. Warden, Loretto FCI*, 839 F.3d 286, 299 (3d Cir. 2016)).

59.  The public comment period at school board meetings is a forum that enables people to exercise their fundamental First Amendment right to petition their elected government officials.

60.  All of Plaintiffs' public speech at Board meetings is fully protected by the First Amendment right to petition the government for a redress of grievances.

61.  As-applied against Plaintiffs, the Public Participation Policy's prohibitions on personally addressing or questioning school board members and on speech deemed "personally directed," "obscene," or "abusive" violated and continue to violate Plaintiffs' First Amendment right to petition by impermissibly discriminating against their petitions on the basis of their viewpoint.

62. As-applied against Plaintiffs, the Public Participation Policy's prohibitions on personally addressing or questioning school board members and on "personally directed" comments also violate Plaintiffs' First Amendment rights because these prohibitions are not reasonable in light of the public comment period's purpose. Petitioning a school board for a redress of grievances will necessarily require referencing individuals—especially members of the school board.

63.  By not enforcing the Public Participation Policy against speakers that make statements favorable to Defendants and/or by enforcing the Public Participation Policy against Plaintiffs and threatening them with criminal prosecution, Defendant Brevard Public Schools, through its officer(s), director(s), managing agent(s), or employee(s) including but not limited to Defendant Haggard-Belford, under color of law, deprived and continue to deprive Plaintiffs' right to petition in violation of the First and Fourteenth Amendments to the United States Constitution. Accordingly, Plaintiffs are damaged in violation of 42 U.S.C. § 1983, and, therefore, are entitled to nominal damages, declaratory and preliminary and permanent injunctive relief against continued enforcement and maintenance of Defendants' unconstitutional customs, policies, and practices; and attorney fees and expenses pursuant to 42 U.S.C. § 1988.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Moms for Liberty - Brevard County, FL, Amy Kneessy, Ashley Hall, Katie Delaney, and Joseph Cholewa, request judgment be entered in their favor and against Defendants as follows:

A.  An order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing the Brevard Public Schools Public

Participation Policy's prohibitions on personally addressing or
questioning school board members and on speech deemed
"personally directed," "obscene," or "abusive," Public Participation
at Board Meetings, Brevard Sch. Bd. Policy Manual § 0000
Bylaws, Code po0169.1 (2022), against Plaintiffs;

B. Declaratory relief consistent with the injunction, to the effect that
Public Participation at Board Meetings, Brevard Sch. Bd. Policy
Manual § 0000 Bylaws, Code po0169.1 (2022)'s prohibitions on
speech personally addressing or questioning school board
members and on speech deemed "personally directed," "obscene,"
or "abusive," as applied to Plaintiffs, are unconstitutionally void
and unenforceable as they violate the First Amendment rights of
free speech and petition;

C. Such other injunctive relief as this Court may direct;

D. Nominal damages of $17.91;

E. Costs and attorneys' fees pursuant to 42 U.S.C. § 1988; and

F. Any other relief this Court may grant in its discretion.

Dated: July 26, 2022                  Respectfully submitted,

                                      /s/ Ryan Morrison

David Osborne                         Ryan Morrison (*pro hac vice*)
GOLDSTEIN LAW PARTNERS, LLC           Martha Astor (*pro hac vice*)
4651 Salisbury Rd., Suite 400         INSTITUTE FOR FREE SPEECH
Jacksonville, FL  32256               1150 Connecticut Ave., NW, Suite 801
610-949-0444                          Washington, DC  20036
dosborne@goldsteinlp.com              202-301-3300
                                      rmorrison@ifs.org
                                      astorm@ifs.org
                                      *Counsel for Plaintiffs*

CERTIFICATE OF SERVICE

On July 26, 2022, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system, which will send a

notice of electronic filing to all attorneys of record.

/s/ Ryan Morrison
Ryan Morrison (*pro hac vice*)
INSTITUTE FOR FREE SPEECH
1150 Connecticut Ave., NW, Suite 801
Washington, DC  20036
202-301-3300
rmorrison@ifs.org
*Lead Counsel for Plaintiffs*