UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MOMS FOR LIBERTY – BREVARD COUNTY, FL, et. al,<br><br>*Plaintiffs*,<br><br>v.<br><br>BREVARD PUBLIC SCHOOLS, et. al,<br><br>*Defendants*. | Case No. 6:21-cv-1849-RBD-DAB<br><br>UNOPPOSED TIME-SENSITIVE MOTION TO AMEND IN PERSON PRE-TRIAL MEETING TO A REMOTE MEETING<br><br>REQUEST RULING BY: DECEMBER 19, 2022 |

Pursuant to this Court's Case Management and Scheduling Order (Doc. 52 ("CMSO")), Plaintiffs request the in person pre-trial meeting to be converted into a remote pre-trial meeting. Defendants do not oppose this motion. This motion is time-sensitive because lead plaintiffs' counsel lives out of state, holiday travel and plans make an in person meeting very challenging, and the pre-trial meeting deadline is January 2, 2023. Accordingly, Plaintiffs request a ruling by December 19, 2022.

In support, Plaintiffs state:

    1.    Section V of the CMSO states the purpose of the pre-trial meeting is to discuss: (1) settlement; (2) fact and issue stipulations; (3) deposition use at trial; (4) witness lists; (5) exhibit lists; (6) materials each party intends to

1

use at trial; (7) mark exhibits; (8) resolve disputes concerning exhibits and demonstrative aids; (9) order of proof and presentation of evidence; and (10) the joint final pre-trial statement.

2. On November 22, 2022, Plaintiffs extended a settlement offer to Defendants.

3. Because Defendants are an elected public body, and due to Florida open meeting laws, they must schedule a special meeting to discuss the settlement offer with their counsel. The date of that meeting is December 21, 2022.

4. Due to the meeting date's proximity to the holidays and the length of time needed to schedule a meeting to discuss the settlement offer, it is unlikely that additional settlement offers can be considered prior to the pre-trial meeting deadline if the current settlement attempt fails.

5. If the settlement attempt fails, holiday travel and plans make scheduling an in person pre-trial meeting for out of state counsel very challenging.

6. All other goals of the pre-trial meeting (topics (2) through (10)) can be achieved through a remote meeting over the telephone or video teleconference. Accordingly, a remote pre-trial conference can be just as effective as an in person pre-trial conference.

7. Defendants do not oppose this motion.

WHEREFORE, Plaintiffs request the in person pre-trial meeting to be converted into a remote pre-trial meeting.

Dated: December 15, 2022                Respectfully submitted,

/s/ Ryan Morrison

David Osborne                           Ryan Morrison (*pro hac vice*)
GOLDSTEIN LAW PARTNERS, LLC             Martha Astor (*pro hac vice*)
4651 Salisbury Rd., Suite 400           INSTITUTE FOR FREE SPEECH
Jacksonville, FL 32256                  1150 Connecticut Ave., NW, Suite 801
610-949-0444                            Washington, DC 20036
dosborne@goldsteinlp.com                202-301-3300
                                        rmorrison@ifs.org
                                        astorm@ifs.org

LOCAL RULE 3.01(G) CERTIFICATION

I certify that on December 13, 2022, that I conferred via telephone with defense counsel regarding the relief requested in this motion. Defense counsel does not oppose this motion.

/s/ Ryan Morrison
*Lead Counsel for Plaintiffs*

CERTIFICATE OF SERVICE

I certify that on December 15, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system

/s/ Ryan Morrison
*Lead Counsel for Plaintiffs*