UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MOMS FOR LIBERTY – BREVARD
COUNTY, FL; AMY KNEESSY;
ASHLEY HALL; KATIE DELANEY;
and JOSEPH CHOLEWA,

Plaintiffs,

v.

BREVARD PUBLIC SCHOOLS; and
MISTY HAGGARD-BELFORD,

Defendants.

Case No. 6:21-cv-1849-RBD-RMN

## ORDER

Pursuant to Federal Rule of Civil Procedure 54(d), Plaintiffs object (Dkt. 122) to the bill of costs submitted by Defendants (Dkt. 118).[1] Defendants oppose. Dkt. 123.

## Background

Defendants seek $7,084.95 in costs under Federal Rule of Civil Procedure 56(d)(1). Dkt. 118. Rule 56(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than

---

[1] Technically speaking, under Rule 56(d)(1), the procedure for costs begins when a prevailing party submits a bill of costs. The Clerk then taxes costs after fourteen days' notice. The opposing party is then afforded seven days to file a motion challenging the costs. But here Plaintiffs skipped that process and filed an objection before the Clerk taxed costs.

attorney's fees—should be allowed to the prevailing party." Generally, under Rule 54(d), the prevailing party receives a favorable judgment. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995). A prevailing party may collect those costs specified in 28 U.S.C. § 1920.

## Legal Standard

Section 1920 provides that the Court may tax costs that fall within six categories: (1) fees paid to the clerk or marshal; (2) fees paid for printed or electronically recorded transcripts "necessarily obtained for use in the case"; (3) fees and disbursements for printing and witnesses; (4) fees paid for "exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case"; (5) docking fees imposed by 28 U.S.C. § 1923; and (6) compensation paid to court-appointed experts and interpreters, as well as other costs for interpretation services. 28 U.S.C. § 1920. The party requesting costs bears the burden of submitting a request which allows the Court to make an informed decision about the appropriateness of the costs sought. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994).

## Analysis

Defendants prevailed in this Court and on appeal. Dkts. 99, 117. And so, they filed a proposed bill of costs, seeking a total of $7,084.95 for

transcripts, exemplification, and costs on appeal. Dkt. 118 at 1. Plaintiffs challenge two of Defendants' claimed costs, each of which is addressed below.

## I. Defendants' $1,896.20 in e-Discovery fees are not recoverable under 28 U.S.C. § 1920(4).

Plaintiffs first argue that $1,896.20 in e-Discovery fees were improperly claimed by Defendants as fees for exemplification and making copies. Dkt. 122 at 1–3. Defendants oppose, arguing that the costs they seek to recover are not e-Discovery fees for services like creating and managing an electronic database, but fees for electronically preparing and producing documents to Plaintiffs. Dkt. 123 at 2–3.

Because it is Defendants' burden to support their claim for costs, the question whether the costs are allowable turns on the contents of the documents submitted by Defendants with the proposed bill of costs. Defendants submitted a two-page itemized list of costs that included a narrative statement for each cost and seven one-page invoices from "Epiq eDiscovery Solutions Inc." *See* Dkts. 118-1, 118-8. The narrative describes each cost as "EPIQ charges from" a month and year. See Dkt. 118-1 at 1–2. Each invoice identifies the case, the invoice date, a "Relativity Database Subtotal" (calculated from a "Relativity Hosting Size GB" and a "Monthly Rare Per GB"), a "Relativity User Fee Subtotal" (calculated from the total

numbers of users and a monthly user fee), and a grand total charge. The table below itemizes the invoices, subtotals, and grand total charges.

| Page of Dkt. 11-8 | Invoice Date | Database Subtotal | User Fee Subtotal | Grand Total Charge |
|---|---|---|---|---|
| 1 | 7/10/2022 | $90.30 | $260.00 | $350.30 |
| 2 | 8/8/2022 | $95.15 | $260.00 | $355.15 |
| 3 | 9/8/2022 | $95.15 | $260.00 | $355.15 |
| 4 | 10/8/2022 | $95.15 | $195.00 | $290.15 |
| 5 | 11/8/2022 | $95.15 | $130.00 | $225.15 |
| 6 | 12/8/2022 | $95.15 | $65.00 | $160.15 |
| 7 | 1/8/2023 | $95.15 | $65.00 | $160.15 |
| **Total Invoices from Epiq eDiscovery Solutions Inc.:** | | | | **$1,896.20** |

The case cited by Defendants accurately explains the state of the law on what eDiscovery costs are recoverable under Section 1920. *See McCort v. ADCS Clinics, LLC*, No. 6:20-CV-335, 2022 WL 2317838, at *7 (M.D. Fla. Apr. 21, 2022), *report & recommendation adopted*, 2022 WL 2317461 (M.D. Fla. May 12, 2022). Although the costs of creating electronic copies of documents are generally recoverable under section 1920(4), costs of creating and managing a dynamic, indexed, and searchable database that allows counsel to search for and within the documents are not. *Id.* (quoting *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, No. 6:14-cv-307, 2016 WL 7325544, at *7 (M.D. Fla. Aug. 31, 2016), *report & recommendation adopted*, 2016 WL 7446390 (M.D. Fla. Oct. 4, 2016), *aff'd*, 727 F. App'x 562 (11th Cir. 2018)). And as those cases recognize, the Federal Circuit has concluded that the Eleventh Circuit interprets Section 1920(4) just broad enough to

encompass eDiscovery costs associated with producing documents "in a way that separates them to indicate where one ends and another begins." *CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320, 1332 (Fed. Cir. 2013). The costs that the Federal Circuit was discussing in *CBT Flint Partners* are for the creation of what are known as eDiscovery load files.[2] *See id.* (concluding that costs for creating load files are recoverable, if the document requests require production electronically). So, in sum, eDiscovery costs may be recoverable under Section 1920(4) if they are related to creating electronic copies of documents or for creating eDiscovery load files. Otherwise, they are not.

Here, the eDiscovery costs sought relate to a Relativity database. Defendants claim that the services provided were for producing documents to Plaintiffs in the format Plaintiffs demanded. If so, then the invoices should reflect charges for creating Relativity load files. But the invoices do not. Rather, they reflect that the costs were for maintaining an eDiscovery database (*i.e.*, hosting fees) and for counsel to access that database (*i.e.*, user fees). Neither cost is recoverable.

---

[2] A load file is a data file that contains metadata and other information about other files in a production set. Standardized load files allow eDiscovery software import (or load) and export sets of files and each file's associated metadata in an organized, efficient manner. *See, e.g.*, *CBT Flint Partners*, 737 F.3d at 1332.

Perhaps understanding the proposed costs are an overreach, Defendants ask the Court to impose costs based on "the amount that Defendants would have incurred if they had been required to photocopy documents for production rather than produce them electronically." Dkt. 123 at 3. The Court declines for two reasons. First, this alternative request was not included in the proposed bill of costs and is therefore untimely. Second, it would be improper to grant relief to Defendants based on evidence that was unavailable to Plaintiffs when they filed their objection, especially here when the Court struck the document that Plaintiffs filed, in part, to address Defendants' belated assertion of a new basis for costs. *See* Dkts. 125, 127.

Defendants' $1,896.20 in e-Discovery fees are not recoverable.

## II.  Defendants' appellate costs are not recoverable.

Plaintiffs also object to Defendants' request for $1,820.10 for appellate costs, contending that, because the Court of Appeals' Mandate did not say Defendants were award costs on appeal, they cannot recover costs for preparing an appendix filed on appeal. Dkt. 122 at 4–5. Defendants contend the claimed costs were for the preparation and transmission of a supplemental appendix filed on appeal and that such costs are taxed by the district court. Dkt. 123 at 5–7.

To be sure, Defendants prevailed on the appeal of the district court's denial of Plaintiffs' motion for a preliminary injunction. Dkt. 99. And the

Clerk of the Eleventh Circuit specified on November 21, 2022, that costs should be taxed against Plaintiffs pursuant to Federal Rule of Civil Procedure 39. *Id.* at 2; *see also* Fed. R. App. P. 39(a)(2).

Appellate Rule 39 "creates a cohesive scheme for taxing appellate costs." *City of San Antonio, TX v. Hotels.com, L.P. ("San Antonio")*, 141 S. Ct. 1628, 1633 (2021). Subpart (a) sets the default rules for identifying the party against whom costs are taxed.[3] *See id.* Subpart (c) directs the courts of appeals to set rates for taxing costs associated with preparing copies of appendixes and briefs filed in the appellate court. Subpart (d) of the rule provides for taxation in the appellate court, and subpart (e) provides for taxation in the district court.

Subpart (e), the relevant provision here, provides:

> **(e) Costs on Appeal Taxable in the District Court.** The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule:
>
> (1) the preparation and transmission of the record;
>
> (2) the reporter's transcript, if needed to determine the appeal;
>
> (3) premiums paid for a bond or other security to preserve rights pending appeal; and
>
> (4) the fee for filing the notice of appeal.

---

[3] If a "party is awarded costs under [Appellate Rule 39(a)], it is 'entitled' to those costs—*i.e.*, has a right to obtain them and not merely to seek them—when a proper application is made in the district court." *Hotels.com*, 141 S. Ct. at 1634.

Fed. R. App. P. 39(e). Defendants argue that their appellate costs are recoverable under the first or second categories. Dkt. 123 at 6.

### A. The Claimed Costs are for Preparing and Submitting Copies of Defendants' Supplemental Appendix on Appeal.

In the proposed bill of costs, Defendants describe their claimed appellate costs as "Supplemental Appendix preparation." Dkt. 118-1 at 1. The invoice attached to the proposed bill of costs charges Defendants for "Preparation of Appendix – 6 Volumes." Dkt. 118-7 at 2. The vendor charged counsel $0.30 per page to copy 3,297 pages, $33 for exhibit tabs, $18 for binding, $100 for "Electronic Filing," $50 for service of documents, another $100 for filing documents, and $302 for shipping and handling. *Id.* These charges are either for preparing physical copies of the appendix materials (copies, exhibit tabs, and binding) or for services that are for the convenience of counsel, such as fees for filing, service, and mailing. The former costs may be compensable, the latter are not. *See, e.g.*, *Matter of Penn Cent. Transp.*, 630 F.2d 183, 191 (3d Cir. 1980) (noting that the practice of the Third Circuit is to tax costs for the printing of filed appendices and exhibits but not for "postage and courier fees").

### B. The Costs are not for "The Preparation and Transmission of the Record."

First, Defendants contend that the claimed costs are for the preparation and transmission of the record, and so they can be taxed by this Court. Dkt. 123 at 6–7. That is a curious interpretation of the applicable rule.

Copies of appendices, briefs, and exhibits submitted to the court of appeals are taxed in that court under Appellate Rule 39(c). *See, e.g.*, *Volkswagenwerk Aktiengesellschaft v. Church*, 413 F.2d 1126, 1128 (9th Cir. 1969) (printing of briefs is a cost charged under Appellate Rule 39(c)). The Eleventh Circuit makes this clear in its rules, *see* 11th Cir. R. 39-1 ("In taxing costs for printing or reproduction and binding pursuant to FRAP 39(c) the clerk shall tax such costs at rates not higher than those determined by the clerk from time to time by reference to the rates generally charged for the most economical methods of printing or reproduction and binding in the principal cities of the circuit, or at actual cost, whichever is less."), and the Clerk's standard form, *see* Bill of Costs, available at https://www.ca11.uscourts.gov/sites/default/files/courtdocs/clk/FormBillofCosts_19_JUN17.pdf (last visited May 1, 2023). This interpretation of Appellate Rule 39 appears to be well-established. *See Ryan-Walsh Stevedoring Co. v. Trainer*, 601 F.2d 1306, 1319 (5th Cir. 1979) (holding costs for "printing of

- 9 -

briefs . . . and any other taxable costs should be submitted to the Clerk by each party by Bill of Costs for assessment under the provisions of Rule 39").

But rather than seeing these copying costs in the Eleventh Circuit pursuant to subpart (c), Defendants seek them here under a more general category in subpart (e). That goes against the norm. Generally, when interpreting a rule or statute, a court must try to give effect to every clause. *Singh v. U.S. Att'y Gen.*, 945 F.3d 1310, 1314 (11th Cir. 2019) (quoting *United States v. Whyte*, 928 F.3d 1317, 1328 (11th Cir. 2019)). And when a specific provision applies, it prevails over a more general provision. *See id.* (citing Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* § 26, at 174 (2012), and *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 645 (2012)). So, Defendants' contention is not supported by a plain interpretation of the rule, which directs them to seek the claimed costs in the Eleventh Circuit.

Defendants' argument also upends the rationale behind the rule. The cost of copies of appendices, briefs, and exhibits submitted to the court of appeal is taxed in that court because such costs are incurred in that court. Other costs are taxed in district court because they are incurred here. That is why Appellate Rule 39 directs parties to apply for some costs in the court of appeals and some costs in district court. Indeed, in its most recent exposition of the rule, the Supreme Court made this very point. *San Antonio*, 141 S. Ct.

at 1635 ("Under Rule 39, costs incurred in the court of appeals, such as the fee for docketing the case in that court and the cost of printing the party's briefs and appendices, are taxed in the court of appeals.") (citing Fed. R. App. P. 39(d)). Thus, when viewed in context, the rule cuts against awarding Defendants their claimed appellate costs.

### C. The Costs are not for "The Reporter's Transcript."

In the alternative, Defendants contend (without exposition) that, because the appendix contains the transcript of the hearing on the motion, the vendor's charges are recoverable costs for the reporter's transcript. Dkt. 123 at 6. First, even Defendants themselves recognize that not all the costs associated with preparing the appendix is recoverable under Appellate Rule 39(e)(2). *See id.* ("This amount is recoverable pursuant to Rule . . . 39(e)(2), at least insofar as submission of the transcript of the hearing on the Motion for Preliminary Injunction is concerned."). Yet, Defendants make no attempt, either in the proposed bill of costs or their opposition to the objection, to establish what portion of the appendix consisted of the hearing transcript. Defendants have therefore not satisfied their burden.

Second, and more importantly, the claimed costs are not for a reporter's transcript. The invoice is not from a court reporter. It is from a third-party vendor. And the invoice definitely establishes that the costs are for copies, not for a transcript. The claimed costs are not recoverable as charges for "the

- 11 -

reporter's transcript" under Appellate Rule 39(e)(2). *See Church*, 413 F.3d at 1128 (holding that, under Appellate Rule 39(e)(2), the district "court should allow only so much thereof as represents the actual amount paid by appellee to the court reporter for a copy of the reporter's transcript on appeal and should not include the cost of duplicating the papers, other than pleadings, listed in appellee's supplemental designation of record.").

### D. The Court is not Inclined to Award a Party Costs it Could Have, But Did Not, Seek in the Court of Appeals.

Lastly, the Court declines to award costs to a party that could have, but did not, apply for those costs in the court of appeals. A party who fails to apply for reimbursement in the right place and at the right time forfeits its opportunity to recover those costs. *See Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 956 (1st Cir. 1984) (explaining that the court "see[s] no reason to apply the Fees Act in such a way as to give delinquent applicants a second chance to recover [printing] costs" taxable under Appellate Rule 39(d)).

For these reasons, the $1,820.10 for appellate costs are not recoverable.

### Conclusion

Accordingly, it is **ORDERED**:

1. Plaintiffs' Objections (Dkt. 122) to the proposed Bill of Costs are **GRANTED**;

2. Defendants' proposed costs for $1,896.20 for exemplification are **DISALLOWED**;

3. Defendants' proposed costs for $1,820.10 for appellate costs are **DISALLOWED**; and

4. The Clerk is **DIRECTED** to tax $3,368.65 in costs against Plaintiffs.

**DONE** and **ORDERED** in Orlando, Florida, on May 1, 2023.

_____
ROBERT M. NORWAY
United States Magistrate Judge

Copies furnished to:

Counsel of Record