UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MOMS FOR LIBERTY – BREVARD COUNTY, FL, et. al, <br><br> *Plaintiffs*, <br><br> v. <br><br> BREVARD PUBLIC SCHOOLS, et. al, <br><br> *Defendants*. | Case No. 6:21-cv-1849-RBD-RMN <br><br><br> PLAINTIFFS' MOTION FOR ENTRY OF A JUDGMENT AND PERMANENT INJUNCTION |

As stated in their prior joint notice (Doc. 143), the parties agree that Plaintiffs are entitled to a judgment in their favor. But the parties disagree about the scope of relief to which Plaintiffs are entitled. Thus, Plaintiffs move the Court to enter judgment in their favor, including a permanent injunction, declaratory judgment, and award of nominal damages.

This is a First Amendment case involving public comments at Brevard County School Board ("Board") meetings. Plaintiffs—Moms for Liberty of Brevard County, Florida, along with four of its members—sued Defendants Brevard Public Schools and individual members of the Board seeking

declaratory and injunctive relief, along with nominal damages.[1] (Docs. 1, 78). Plaintiffs claimed that the Board policy's prohibitions against abusive and personally directed speech violate the First Amendment both facially and as applied, the prohibition on obscene speech is unconstitutional as applied, and all three prohibitions are void for vagueness.

On October 8, 2024, the Eleventh Circuit held that: the policy's prohibition on "abusive" speech was facially unconstitutional because it was viewpoint-based and an "undercover ban on offensive speech" (Doc. 131 p. 18–22); the prohibition on "personally directed" speech was facially unconstitutional because it was both unreasonable and vague (*id.* at 22–28); and the prohibition on "obscene" speech was unconstitutional as applied to reading portions of books from school libraries (*id.* at 30).

A permanent injunction is appropriate when (1) the plaintiffs suffered an irreparable injury; (2) remedies at law are inadequate; (3) the balance of hardships favor the plaintiffs; (4) and "a permanent injunction would not disserve the public interest." *Barrett v. Walker Cnty. Sch. Dist.*, 872 F.3d 1209, 1229 (11th Cir. 2017). All four factors weigh in favor of a permanent injunction after the Eleventh Circuit's decision. The Eleventh Circuit held

---

[1] The Court dismissed the claims against the individual members of the Board, excluding former Chair Misty Haggard-Belford, on grounds that they were not the officials enforcing the policies. (Doc. 63). Plaintiffs did not challenge that decision on appeal.

that "the operation of the Board's policies governing participation in the
public comment portions of their meetings objectively chills expression" (Doc.
131 p. 13) and violates the First Amendment (*id.* at 22, 24, 27–28, & 30).
That kind of injury is irreparable, meaning Plaintiffs' "remedies at law [are]
inadequate." *Barrett*, 872 F.3d at 1229. The ongoing "deprivation of
[Plaintiffs'] and all other potential speakers' constitutional right to engage in
free speech" outweighs any hardship to Defendants. *Id.* at 1229–30. And an
injunction protecting free speech covered by the First Amendment always
serves the public interest. *Id.*; (*see also* Doc. 140 pp. 4–6 (addressing similar
factors)).

The scope of a permanent injunction should "remed[y] only the harm
created by the unconstitutional" policies. *Barrett*, 872 F.3d at 1230. Here, the
Eleventh Circuit held that the abusive-speech rule facially violates the First
Amendment because it discriminates based on viewpoint by prohibiting
offensive speech. (Doc. 131 at 22). And it held that the rules against
personally directed speech violate the First Amendment because they are
unreasonable. (Doc. 131 at 22–28). Explaining that further, the Court of
Appeals held that the policy on personally directed speech (1) grants the
chair too much discretion, allowing arbitrary enforcement, and (2) "actively
obstructs a core purpose of the Board's meetings" by prohibiting speakers
from referring to individuals, including board members, teachers,

-3-

administrators, staff, and others. (*Id.* at 27). A permanent injunction should prohibit the Board from continuing to enforce policies that inflict these constitutional "harm[s]." *Barrett*, 872 F.3d at 1230.

Plaintiffs thus request that the Court enter a judgment in their favor and against Defendants:

A.    Permanently enjoining Defendants from:

(1) Enforcing the prohibition on "personally directed" speech (Brevard Sch. Bd. Policy Manual § 0000 Bylaws, Code po0169.1 (Oct. 15, 2024)), against any person or preventing any person from speaking on the grounds that the speaker uses an individual's name or speaks about an individual (including Board members, other staff, or any other person) during any public-comment period at Brevard Public Schools' Board meetings;

(2) Enforcing the prohibition on "abusive" speech in Brevard Public Schools Public Participation Policy (Brevard Sch. Bd. Policy Manual § 0000 Bylaws, Code po0169.1 (Oct. 15, 2024)) against any person or preventing any person from speaking on the grounds that their speech is offensive during any public-comment period at Brevard Public Schools' Board meetings;

(3) Enforcing the prohibition on "obscene" speech (Brevard Sch. Bd. Policy Manual § 0000 Bylaws, Code po0169.1 (Oct. 15, 2024))

-4-

against any person reading from books from the school library or

otherwise preventing any person from reading from books from the

school library during any public-comment period at Brevard Public

Schools' Board meetings; and

    (4) Reciting Brevard Public Schools Public Participation Policy's

prohibitions on "abusive" and "personally directed" speech contained

in Brevard Sch. Bd. Policy Manual § 0000 Bylaws, Code po0169.1

¶¶E. and H. at Brevard Public Schools' Board meetings.

B.    Declaring, consistent with the injunction, that Brevard Public

Schools Public Participation Policy's prohibitions on "abusive" and

"personally directed" speech, and the prohibition on "obscene" speech as

applied to persons reading from books from the school library, violate the

First Amendment, and that Brevard Public Schools violated Plaintiffs' rights

by enforcing such policies to prevent and chill speech at the Board's meetings.

C.    Awarding each plaintiff $17.91 in nominal damages, to be made

payable by Defendant Brevard Public Schools, for violating their First

Amendment rights. The Eleventh Circuit has recognized that nominal

damages can be "$1 or $100." *Quainoo v. City of Huntsville*, 611 F. App'x 953,

955 (11th Cir. 2015); *see also Thompson v. Smith*, Case No. 4:14-cv-465, 2018

U.S. Dist. LEXIS 237594, at *6 (N.D. Fla. Mar. 28, 2018) (awarding nominal

damages of $10). What matters is that the damages are "a trivial sum

awarded for symbolic, rather than compensatory, purposes." *Flanigan's Enters. v. City of Sandy Springs*, 868 F.3d 1248, 1268 (11th Cir. 2017). Plaintiffs submit that $17.91 in nominal damages for each plaintiff is a trivial amount that is symbolic of the harm in this case, as the First Amendment was adopted in 1791.

Dated: February 3, 2025        Respectfully submitted,

       /s/ Brett R. Nolan

David Osborne        Brett R. Nolan (*pro hac vice*)*
GOLDSTEIN LAW PARTNERS, LLC        Ryan Morrison (*pro hac vice*)
4651 Salisbury Rd., Suite 400        INSTITUTE FOR FREE SPEECH
Jacksonville, FL 32256        1150 Connecticut Ave., NW, Suite 801
610-949-0444        Washington, DC 20036
dosborne@goldsteinlp.com        202-301-3300
       bnolan@ifs.org
       rmorrison@ifs.org
       *Lead counsel for Plaintiffs

## LOCAL RULE 3.01(G) CERTIFICATION

Plaintiffs' counsel conferred by telephone and email with Defendants' counsel over several weeks. Defendants agree that Plaintiffs are entitled to a judgment in their favor. Defendants have not objected to the Court entering a permanent injunction, declaratory judgment, and award of nominal damages. Defendants object to the scope of the permanent injunction, and they have also objected to the Court ordering nominal damages greater than $1. Defendants informed Plaintiffs they intend to respond to Plaintiffs' motion.

CERTIFICATE OF SERVICE

On February 3, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all attorneys of record.

/s/ Brett R. Nolan
Brett R. Nolan (*pro hac vice*)
INSTITUTE FOR FREE SPEECH
1150 Connecticut Ave., NW, Suite 801
Washington, DC  20036
202-301-3300
bnolan@ifs.org
*Lead Counsel for Plaintiffs*