UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MOMS FOR LIBERTY – BREVARD
COUNTY, FL; AMY KNEESSY;
ASHLEY HALL; KATIE DELANEY;
and JOSEPH CHOLEWA,

    Plaintiffs,

v.                                      Case No. 6:21-cv-1849-RBD-RMN

BREVARD PUBLIC SCHOOLS; and
MISTY HAGGARD-BELFORD,

    Defendants.
_____

## PERMANENT INJUNCTION AND FINAL ORDER

Before the Court is Plaintiffs' Motion for Entry of Judgment and Permanent Injunction. (Doc. 146.) The motion is due to be granted in part.

## BACKGROUND

In this First Amendment case involving public comments at Brevard County School Board ("Board") meetings, Plaintiffs, a Moms for Liberty chapter and several of its members, sued Defendants, Brevard Public Schools and members of the Board, seeking declaratory and injunctive relief, along with nominal damages. (Docs. 1, 78.) Plaintiffs claimed that the Brevard Public Participation at Board Meetings policy's (Brevard Sch. Bd. Policy Manual § 0000 Bylaws, Code po0169.1 (last revised Oct. 15, 2024)) ("Current Policy") prohibitions against abusive and

personally directed speech violate the First Amendment both facially and as applied, the prohibition on obscene speech is unconstitutional as applied, and all three prohibitions are void for vagueness. (*Id.*) Plaintiffs moved for a preliminary injunction against the Current Policy's enforcement (Doc. 3), which this Court denied (Doc. 46), and the Eleventh Circuit affirmed (Doc. 99). This Court then granted Defendants' motion for summary judgment, finding the disputed parts of the Current Policy constitutional. (Docs. 90, 115.)

On appeal, the Eleventh Circuit reversed, holding that the Current Policy's prohibitions on "abusive" and "personally directed" speech were facially unconstitutional, and the prohibition on "obscene" speech was unconstitutional as applied to reading portions of books from school libraries. (Doc. 131.) But the Eleventh Circuit noted that, for the prohibition on abusive speech, "a different policy—one prohibiting viewpoint-neutral characteristics of speech, for example, or explicitly and narrowly defining 'abusive'—could be constitutional." (*Id.* at 22.) For the prohibition on personally directed speech, the Eleventh Circuit held that it was unreasonable and facially unconstitutional "[b]ecause the policy's contours are undefined and the record of enforcement only casts a shadow over the school board meetings' purposes." (*Id.* at 28.)

Following the Eleventh Circuit's mandate, the Board did not amend or eliminate the Current Policy, and the Board Chair was unwilling to confirm that

2

the unconstitutional portions of the Current Policy would not be implemented at future meetings. (Doc. 137, pp. 2–3; Doc. 137-2, ¶¶ 2–4; Doc. 137-3, ¶¶ 2–5; Doc. 137-4; Doc. 137-7; Doc. 138; Doc. 139-1, ¶¶ 8, 13–16.) So Plaintiffs filed a motion for a temporary restraining order ("TRO") prohibiting Defendants from enforcing the unconstitutional parts of the Current Policy at the next meeting. (Doc. 137.) After a hearing, the Court issued a TRO enjoining Defendants from enforcing the Current Policy's prohibitions on "personally directed," "abusive," and "obscene" speech following the Eleventh Circuit's mandate. (Docs. 140, 141.)

Plaintiffs now move for judgment as a matter of law and a permanent injunction. (Doc. 146.) Defendants responded in opposition. (Doc. 150.) The matter is ripe.

## STANDARDS

To receive a permanent injunction, plaintiffs must show "(1) that [they] have suffered an irreparable injury; (2) that [their] remedies at law are inadequate; (3) that the balance of hardships weighs in [their] favor; and (4) that a permanent injunction would not disserve the public interest." *Barrett v. Walker Cnty. Sch. Dist.*, 872 F.3d 1209, 1229 (11th Cir. 2017).

## ANALYSIS

Here, Plaintiffs ask that Defendants be permanently enjoined from enforcing the Current Policy's prohibitions on personally directed and abusive

3

speech at school board meetings and from enforcing the prohibition on obscene speech against any person reading books from the school library during meetings. (Doc. 146, pp. 4–5.) Plaintiffs also ask that Defendants be permanently enjoined from reciting the Current Policy's prohibitions on abusive and personally directed speech at meetings. (*Id.* at 5.) Although Defendants agree to the entry of final judgment for Plaintiffs and a permanent injunction generally they contend that the proposed permanent injunction language exceeds the scope of the Eleventh Circuit's mandate. (Doc. 150.) Defendants oppose injunctive relief preventing the Board from ever using the terms "personally directed" and "abusive" in future policies, but they agree to the entry of a permanent injunction that prohibits using those terms as provided in the Current Policy. (*Id.* at 6–7.)

Plaintiffs have shown that they are entitled to a permanent injunction. Plaintiffs have shown they suffered an irreparable injury—the chilling of their speech. (*See* Doc. 131; Doc. 146, pp. 2–3); *Barrett*, 872 F.3d at 1229. Thus, remedies at law are inadequate. *See Barrett*, 872 F.3d at 1229. The balance of hardships also weighs in Plaintiffs' favor because the deprivation of free speech rights greatly outweighs a school board's hardship in redrafting part of its policy, and a permanent injunction protecting free speech covered by the First Amendment always serves the public interest. *See id.* at 1229–30. With all four requirements met, Plaintiffs are entitled to a permanent injunction.

Turning to the language of the permanent injunction, as guided by the Eleventh Circuit, it does not foreclose the possibility of using the terms "abusive" and "personally directed" in future versions of the policy. Going forward, if Defendants wish to prohibit abusive speech, they might choose to explicitly and narrowly define "abusive," as suggested by the Eleventh Circuit. (*See* Doc. 131, p. 22.) And in future versions of the policy prohibiting personally directed speech, Defendants might specifically define the contours of the rule and provide enforcement guidelines, again following the Eleventh Circuit's guidance. (*See id.* at 28.) This injunction does not enjoin Defendants from using those terms *ever*. But to their point, Plaintiffs' proposed language cuts a broader swath than the Eleventh Circuit's holding, so the Court has adapted it to conform to the Eleventh Circuit's mandate. *See Litman v. Mass. Mut. Life Ins. Co.*, 825 F.2d 1506, 1510–11 (11th Cir. 1987) ("A district court when acting under an appellate court's mandate cannot vary it or examine it for any other purpose than execution; or give any other or further relief. . .further than to settle so much as has been remanded." (cleaned up)). It is the Board's job to redraft its policies, so this injunction is limited to prohibiting enforcement of the portions of the Current Policy as now drafted. *Cf. Barrett*, 872 F.3d at 1229.

Plaintiffs also request a symbolic $17.91 in nominal damages for each Plaintiff. (Doc. 146, pp. 5–6.) Defendants counter that a nominal damages award

of $1 for each Plaintiff is appropriate. (Doc. 150, pp. 7–9.) Nominal damages are typically set at $1. *Young v. Scott*, No. 2:16-cv-581, 2016 WL 4441581, at *4 (M.D. Fla. Aug. 23, 2016) (collecting cases). So a nominal damages award of $1 per Plaintiff is reasonable.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Plaintiffs' motion (Doc. 146) is **GRANTED IN PART AND DENIED IN PART** as set forth herein.

2. Defendants Brevard County Public Schools, current Board Chair Gene Trent, and all other persons or entities acting in active concert or participation with them, *see* Fed. R. Civ. P. 65(d)(2), are **PERMANENTLY RESTRAINED AND ENJOINED** from:

    a. Enforcing Brevard Public Schools Public Participation at Board Meetings policy's (Brevard Sch. Bd. Policy Manual § 0000 Bylaws, Code po0169.1 (last revised Oct. 15, 2024)) ("Current Policy") prohibition on "personally directed" speech against any person (including Board members, other staff, or any other person) during any public-comment period at Brevard County School Board meetings;

    b.    Enforcing the Current Policy's prohibition on "abusive" speech against any person during any public-comment period at Brevard County School Board meetings;

    c.    Enforcing the Current Policy's prohibition on "obscene" speech against any person reading from books from the school library during any public-comment period at Brevard County School Board meetings; and

    d.    Reciting the Current Policy's prohibitions on "abusive" and "personally directed" speech, contained in § 0000 Bylaws, Code po0169.1 ¶¶ E. and H. of the Current Policy, at Brevard County School Board meetings.[1]

3.    The Court **DECLARES**, consistent with this injunction, that the Current Policy's prohibitions on "abusive" and "personally directed" speech, and the prohibition on "obscene" speech as applied to persons reading from books from the school library, violate the First Amendment, and that Brevard Public Schools violated Plaintiffs' rights by enforcing such policies, preventing and chilling speech at the Board's meetings.

---

[1] The Board is not enjoined from using these terms in future policies consistent with the Eleventh Circuit's mandate.

4. The Clerk is **DIRECTED** to enter final judgment for Plaintiffs and against Defendants in the amount of $1 for each Plaintiff.

5. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 13, 2025.



ROY B. DALTON, JR.
United States District Judge